UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LESTER J BABINO JR, <br><br> Plaintiff, <br><br> vs. <br><br> JANSSEN AND SON, PEOPLEASE CORP, ARCH INSURANCE CORP, SIOUX FALLS SD VA HOSPITAL, CATHERINE DUENWALD, ADMINISTRATIVE LAW JUDGE; <br><br> Defendants. | 4:17-CV-04117-LLP <br><br><br> ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH PREJUDICE |

## INTRODUCTION

Lester Babino filed a pro se complaint against several defendants. (Docket 1). In his civil coversheet, Babino identifies the nature of his claims as a personal injury involving a motor vehicle and the False Claims Act. (Docket 2). Babino's complaint, however, alleges judicial misconduct, legal malpractice, denial of right to counsel, denial of due process, and failure to review all medical records. (Docket 1). Babino seeks $900,000 in monetary damages. *Id.* Babino moves for leave to proceed in forma pauperis in his lawsuit against defendants. (Docket 3). Babino also moves to appoint counsel. (Docket 4).

## FACTUAL BACKGROUND

Babino's complaint consists of the following: a letter he sent to Chief Justice David Gilbertson; progress notes from Sioux Falls VA physician's assistant Michelle Healy from July 3, 2007; radiology reports written by the Sioux Falls VA Dr. M.J. Kihne on March 23, 2008; an

order from his worker's compensation case before the South Dakota Department of Labor, Divison of Labor and Management, HF No. 181, 2010/11; pages six and eleven from the decision from his worker's compensation case before the South Dakota Department of Labor, Divison of Labor and Management, HF No. 181, 2010/11. Docket 1. Babino supplements the above documents by listing other individuals involved:

> Ronald Schulz - - - failed to look at the medical records on 03/22/2008[;] Rick Orr - - - - Had knowledge of medical records on 03/22/2008 but did not show them to their doctor[;] Administrative Law Judge Catherine Duenwald - - - Knowing the doctor have not seen the medical records on 03/22/2008, but says doctor has seen the medical records on 03/22/2008[;] Sioux Falls VA Hospital - - - - - Claims I have chronic low back pain on 07/03/2007, then claim I do not have chronic back pain on 03/22/2008.

*Id.*

The facts alleged in the complaint appear to stem from a denial of workers compensation following a work-related accident. *Id.* Babino only filed the order dismissing the worker's compensation case with prejudice and two pages of the accompanying opinion. *Id.* One of the pages of the worker's compensation opinion provided contains the conclusion:

> [T]he Department finds that Claimant has failed to meet his burden of showing that the work-related accident on January 28, 2008 was a major contributing cause of Claimant's current condition and his need for back surgery."

*Id.*

## LEGAL STANDARD

There is a two-step screening process with *in forma pauperis* litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000).

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. See 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint "does not need detailed factual allegations … [but] requires more than labels and conclusions…" *Id*. At 555. "Factual allegations must be enough to raise a right to relief above the speculative level…" *Id*. When determining whether a complaint fails to state a claim upon which relief may be granted, this court "assumes as true all factual allegations in the pleadings, interpreting them most favorably to the [pleader]." *Magee v. Trustees. Of Hamline Univ.*, 747 F.3d 532, 534-35 (8th Cir. 2014). Babino is proceeding pro se and his complaint is therefore entitled to a liberal construction. *Atkinson v. Bohn,* 91 F.3d 1127,1129 (8th Cir. 1996) (per curiam). Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912,914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id*.

## DISCUSSION

### I. In Forma Pauperis

Based upon his application, the sole income for Babino is derived from disability payments of $1,266.00 per month. His monthly expenses are estimated to be approximately $1,255.00. He has $10.00 in his checking account. Babino's application does not indicate any debt. Considering all the information in the financial affidavit, the court finds that Babino has made the requisite financial showing to proceed *in forma pauperis*.

### II. Screening

#### A. Administrative Law Judge Immunity

The doctrine of judicial immunity is well-established. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judges are immune from suit, including § 1983 suits, with two narrow exceptions. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). These exceptions do not apply here.

The Supreme Court has "extended absolute immunity to others who perform functions closely associated with the judicial process," including prosecutors, administrative law judges, hearing examiners, grand jurors, and witnesses in judicial proceedings. *Cleaving v. Saxner*, 474 U.S. 193, 200 (1985). "In determining which persons are covered by an extension of immunity, the Supreme Court follows a "'functional' approach," under which "[a]bsolute immunity flows not from rank or title or 'location within the Government,' but from the nature of

responsibilities of the individual official." *Id* at 201 (citations omitted). As such, the court found no distinction for purposes of immunity law between suits brought against state officials under §1983 and [*Bivens*] suits brought directly under the Constitution against federal officials."*Butz v. Economou*, 438 U.S. 478, 504 (1978). Therefore, all claims against Administrative Law Judge Catherine Duenwald are dismissed.

### B. Sioux Falls VA Hospital

Babino alleges that the Sioux Falls VA Hospital determined he had "chronic low back pain on 07/03/2007, then claim[ed] [he] did not have chronic back pain on 03/22/2008. (Docket 1). The VA Immunity Statute applies in this case. 38 U.S.C. § 7316(a)(1). Through the VA Immunity Statute, Congress made the Federal Tort Claims Act (FTCA) the exclusive remedy for a plaintiff who sues a VA health care employee for negligence or malpractice. *See* 38 U.S.C. § 7316(a). This fails to state a claim, because it failed to "allege facts sufficient to support the claims advanced." *Stone*, 364 F.3d at 914. The court is not required to supply additional facts for a pro se plaintiff. *Id*.

### C. Defendants – Janssen and son, Peoplease Corp, and Arch Insurance Company

Babino fails to state a claim against Janssen and son, Peoplease Corp, and Arch Insurance Company. He includes Janssen and son, Peoplease Corp, and Arch Insurance Company in the list of defendants, but he makes no allegations concerning them. Therefore, Janssen and son, Peoplease Corp, and Arch Insurance Company are dismissed as defendants.

Accordingly, it is ORDERED

1. Babino's motion for leave to proceed in forma pauperis (Docket 3) is granted. The filing fee is waived.

5

2. Babino's complaint (Docket 1) is dismissed with prejudice.

3. Babino's motion to appoint counsel (Docket 4) is denied as moot.

DATED this 12th day of October, 2017.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)     DEPUTY